**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

MARIANNE TUCKER,

                 Plaintiff,

vs.                                  Case No. 2:06-cv-585-FtM-34DNF

CITIGROUP GLOBAL MARKETS INC.,
d/b/a SMITH BARNEY, THOMAS
ARCHITETTO, RICHARD J. FULLER,
and JAMES F. TURNER, III,

                 Defendants.

_____

# O R D E R[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Remand (Doc. No. 28; Motion to Remand) filed on December 5, 2006. See Motion to Remand. On December 22, 2006, Defendant Citigroup Global Markets, Inc., d/b/a Smith Barney ("Smith Barney") and Defendant Thomas Architetto ("Architetto") each filed a Memorandum of Law in Opposition to the Motion to Remand. See Smith Barney's Memorandum of Law in Opposition to Plaintiff's Motion to Remand (Dkt. No. 39; Smith Barney Response in Opposition); Defendant Thomas Architetto's Memorandum of Law in Opposition to Motion to Remand (Dkt No. 42; Architetto Response in Opposition). Accordingly, this matter is ripe for review by this Court.

_____

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

**I.      Procedural History**

Plaintiff, a resident of Florida, originally filed this action in the Twentieth Judicial Circuit, in and for Collier County, Florida, on September 22, 2006, naming Defendant Architetto, also a Florida resident, and Defendant Smith Barney, a foreign corporation. <u>See</u> Dkt. No. 2; Complaint.  In the Complaint, Plaintiff set forth one claim against Defendant Smith Barney and two claims against Defendant Architetto all stemming from the entry of an arbitration award against Plaintiff and in favor of Smith Barney in previous litigation between the parties (the "Underlying Award").   According to the allegations in the Complaint, Defendant Architetto, an arbitrator on the panel that entered the Underlying Award, failed to disclose a conflict of interest that would have disqualified him from serving on the panel. <u>See</u> Complaint, at ¶ ¶ 19, 24.   Plaintiff claims that this conflict of interest rendered Defendant Architetto biased and deprived Plaintiff of a fair and impartial arbitration hearing. <u>See</u> <u>id.</u> at ¶ 34. In Count I against Defendant Smith Barney, Plaintiff sought to vacate the unfavorable arbitration award. <u>See</u> <u>id.</u> at ¶ 45.  In Count II against Defendant Architetto, Plaintiff alleged a claim for a "Breach of Duty/Omission" and sought damages resulting from the breach. <u>See</u> <u>id.</u> at ¶ ¶ 47, 50.   Count III, also against Defendant Architetto, requested permanent injunctive relief prohibiting Defendant Architetto from serving on "any future [New York Stock Exchange] or [National Association of Securities Dealers, Inc.] case involving claims made by a customer against a brokerage firm." <u>Id.</u> at ¶ 54.

Prior to answering the Complaint, Defendant Smith Barney timely removed the action to this Court based on diversity of citizenship. <u>See</u> Dkt No. 1; Notice of Removal.  In support of removal, Smith Barney asserted that Defendant Architetto, a non-diverse defendant, was

fraudulently joined because, <u>inter</u> <u>alia</u>, he is entitled to arbitral immunity, and thus, no possible cause of action exists against him. <u>See</u> Notice of Removal at ¶ 15.[2] Smith Barney argued that "[t]he United States Supreme Court has extended the traditional doctrine of judicial immunity 'not only to public officials but also to private citizens (in particular jurors and arbitrators).'" <u>See</u> <u>id.</u> at ¶ 16 (quoting <u>Antoine v. Byers & Anderson, Inc.</u>, 508 U.S. 429, 433 (1993)). Thus, Smith Barney argued that Defendant Architetto's citizenship should be disregarded for purposes of determining jurisdiction. <u>See</u> <u>id.</u> at ¶ 20.

Thereafter, on December 1, 2006, Plaintiff filed the Amended Complaint that is currently the operative pleading in this action. <u>See</u> Dkt. No. 26; Amended Complaint. Plaintiff filed the Amended Complaint pursuant to Rule 15(a), Federal Rules of Civil Procedure ("Rule(s)") as a matter of right, because neither Smith Barney nor Architetto had filed a responsive pleading at that time. <u>See</u> Amended Complaint. The Amended Complaint differs from the original Complaint in several ways. First, in the Amended Complaint, Plaintiff omits Count II, which sought damages against Defendant Architetto based on an alleged breach of "duty/omission." <u>See generally</u> Amended Complaint. Second, the Amended Complaint adds non-diverse Defendants Richard J. Fuller ("Fuller"), and James F. Turner III ("Turner"), the two additional arbitrators who served on the panel that rendered the Underlying Award, to the claim seeking injunctive relief (now Count II). <u>See</u> <u>id.</u> at ¶ 48. Additionally, Plaintiff revised the new Count II in the Amended Complaint so that she now

---

[2] In the Notice of Removal, Defendant Smith Barney also argued that Plaintiff did not have standing to bring her claim for injunctive relief against Architetto, <u>see</u> Notice of Removal at ¶ 15, and there was no joint, several, or alternative liability between the Defendants, and Architetto had no real connection to the claim against Smith Barney, <u>see</u> <u>id.</u> at ¶ 24.

requests that Defendants Architetto, Fuller, and Turner be enjoined only from serving on Plaintiff's future arbitration panel should the Underlying Award be vacated pursuant to Count I and a new panel assembled.  See id. at ¶ 51.

Four days after filing the Amended Complaint, Plaintiff filed the instant Motion to Remand.  See Motion to Remand.  In the Motion to Remand, Plaintiff implicitly concedes that under existing law she cannot state a claim for damages against the arbitrators, but argues that the "Eleventh Circuit has specifically left open the issue of whether arbitral immunity extends to a claim for injunctive relief."  See Motion to Remand at 8.  Therefore, according to Plaintiff, "Smith Barney has failed to demonstrate by clear and convincing evidence that [Plaintiff] has no possibility of maintaining her claim for injunctive relief against the arbitrators."  See id.  As such, Plaintiff asserts that joinder is proper and this case should be remanded because complete diversity does not exist.  See id.  In response, Defendants essentially reiterate the arguments set forth in the Notice of Removal, with emphasis on the contention that the arbitrators are entitled to arbitral immunity from a suit for injunctive relief. See Smith Barney Response in Opposition at 6-9[3]; Architetto Response in Opposition at 5-8. The Court has carefully considered the arguments advanced by the parties, and for the reasons discussed below, concludes that Plaintiff's Motion for Remand is due to be denied.

---

[3] Smith Barney also asserts that joinder of Fuller and Turner is improper under 28 U.S.C. § 1447(e).  See Smith Barney Response in Opposition at 15-17.  However, the Court concludes that 28 U.S.C. § 1447(e) is inapplicable.  Section 28 U.S.C. § 1447(e) applies when a Plaintiff seeks to add a party that would destroy diversity after a case has been properly removed.  Here, however, although the case had been removed at the time Plaintiff added Fuller and Turner, diversity was already at issue because of Defendant Architetto's presence in the case.  In the Amended Complaint, Plaintiff did not add new, independent state law claims against Defendants Fuller and Turner. Rather, Plaintiff merely added Fuller and Turner as Defendants on a claim that was already pled against a non-diverse defendant.  Thus, Plaintiff's addition of Fuller and Turner did not "destroy diversity" in the manner envisioned by 28 U.S.C. § 1447(e).

## II.    Analysis

For removal to be proper under 28 U.S.C. § 1441 and § 1332, there must be complete diversity between the Plaintiff and the named Defendants, and "no defendant can be a citizen of the state in which the action was brought."  28 U.S.C. § 1441(b).  Here, both Plaintiff and Defendants Architetto, Fuller, and Turner, are citizens of Florida.  Thus, on the face of the pleadings, removal is not proper both because the parties are not diverse and because at least one defendant is a citizen of the state in which the action is brought.  However, an action may be removable if the joinder of the non-diverse defendant is fraudulent.  See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).

"Fraudulent joinder is a judicially created doctrine which provides an exception to the requirement of complete diversity."  Id.  The Eleventh Circuit has recognized three situations which might give rise to a finding of fraudulent joinder.  See id.  First, fraudulent joinder is present "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant."  Id.  Second, fraudulent joinder exists when there is outright fraud in the plaintiff's pleading of jurisdiction facts.  See id.  Finally, a court may find fraudulent joinder when "a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant."  See id. (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1355 (11th Cir. 1996)).  If a court finds that a defendant is fraudulently joined, it "must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court."  Florence v. Crescent Res., LLC, 484 F.3d 1293, 1297 (11th Cir. 2007).

In this case, both defendants argue that fraudulent joinder is present because Plaintiff can prove no cause of action against the non-diverse defendants.[4]  In support of their contention, Defendants direct the Court to Brandon, Jones, Sandall, Zeide, Kohn, Chalal, & Musso, P.A. v. MedPartners, Inc., 203 F.R.D. 677 (S.D. Fla. 2001). There, the district court considered the propriety of an injunction entered by an Alabama state court against the American Arbitration Association (AAA) preventing AAA from arbitrating a dispute between Brandon Jones and MedPartners.  See id. at 687-88.  Concluding that the injunction was improper, the district court stated that "[a]ll of the federal courts of appeals that have considered this question have found that arbitrators enjoy strict arbitral immunity from precisely the sort of lawsuit MedPartners filed against them in state court–a suit designed to interfere with arbitral jurisdiction."  Id. at 688 (and cases cited therein).  According to the court, "a suit against a chosen arbitration panel threatens to scuttle the efficacy of arbitration and to intimidate the panel from adjudicating the dispute."  Id.

In the Motion to Remand, Plaintiff argues that although arbitrators may be entitled to strict arbitral immunity from suits for damages, "the Eleventh Circuit has specifically left open the issue of whether arbitral immunity extends to claims for injunctive relief."  Motion to Remand at 8 (emphasis supplied).  Plaintiff notes that the district court's decision in Brandon, Jones was appealed to the Eleventh Circuit Court of Appeals, which affirmed the decision to dissolve the injunction against AAA on other grounds.  See id. (citing Brandon, Jones, Sandall, Zeide, Kohn, Chalal, & Musso, P.A. v. MedPartners, Inc., 312 F.3d 1349 (11th Cir.

_____

[4] Although Defendant Smith Barney also asserts that fraudulent joinder exists under the third situation, we do not reach this argument, as our analysis on the first scenario is dispositive.

2002) ("Brandon Jones II")).   In so doing, the Eleventh Circuit specifically declined to decide the issue presented in this case, stating instead "[n]o need exists, however, to decide whether arbitral immunity protects arbitrators from suits seeking only injunctive relief.  Even if arbitral immunity does not prevent all injunctions against arbitrators, . . ., the injunction in this case was improperly entered and ripe to be dissolved." Brandon, Jones II, 312 F.3d at 1359.  Thus, Brandon, Jones II neither explicitly recognizes suits for injunctive relief against arbitrators, nor does it appear to definitively foreclose that possibility in the Eleventh Circuit.

Despite the reliance of the parties on Brandon Jones and Brandon Jones II, the Court remains cognizant of the fact that it currently addresses the boundaries of arbitral immunity on a motion to remand.  Thus, the question is not what this Court would do if applying federal law to this case, but rather, whether a Florida court would conclude that the arbitrators are entitled to strict arbitral immunity thus protecting them from this suit for injunctive relief.  See Florence, 484 F.3d at 1298-99; see also Tran v. Waste Mgmt, Inc., 290 F.Supp.2d 1286, 1293 (M.D. Fla. 2003) ("[w]hen considering a motion to remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law") (quoting Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)); Montgomery & Larmoyeux v. Philip Morris, Inc., 992 F.Supp 1372, 1375 (S.D. Fla. 1998) ("To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff").  Indeed, in reviewing a claim of fraudulent joinder based upon the contention that the Plaintiff can prove no cause of action against the non-diverse defendant, the Eleventh Circuit has advised that, "the federal court's analysis 'must

be limited to determining whether Plaintiffs have even an arguable claim.  So, any ambiguity or doubt about the state substantive law favors remand to state court.'" <u>Florence</u>, 484 F.3d at 1298-99 (quoting <u>Crowe</u>, 113 F.3d at 1539).  "[I]f there is any  possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." <u>Id.</u> at 1299.  Therefore, whether remand is required in this case depends on whether there is any possibility that <u>Florida law</u> might recognize a cause of action for injunctive relief against the non-diverse arbitrators under the facts alleged in the Amended Complaint.

Like the Eleventh Circuit, the Florida Supreme Court has yet to decide whether arbitral immunity extends to suits for injunctive relief under Florida law, and the Court's review of Florida law on this subject produced only one opinion on the issue. <u>See</u> <u>Hospitality Ventures of Coral Springs, L.C. v. American Arbitration Assoc.</u>, 755 So. 2d 159 (Fla. Dist. Ct. App. 2000).  In that case, a dispute arose between Hospitality Ventures of Coral Springs ("Hospitality") and AGB Capital Properties ("AGB") over the construction of a hotel, and AGB filed a demand for arbitration with AAA pursuant to the parties contract. <u>See</u> <u>id.</u> at 160.  In response, Hospitality filed a law suit against both AGB and AAA seeking to enjoin the arbitration proceedings. <u>See</u> <u>id.</u>  AAA did not file an answer to the complaint, and Hospitality moved for a default judgment, which was thereafter entered by the trial court. <u>See</u> <u>id.</u>  Upon motion by AGB, the trial court set aside the default and Hospitality appealed that order to Florida's District Court of Appeal. <u>See</u> <u>id.</u>

On appeal, the Florida appellate court concluded that entry of the judgment against AAA was improper since the complaint failed to state a cause of action against the arbitral entity.  See id.  According to the appellate court, "[w]here there is a dispute between the parties to a contract concerning the propriety of arbitration, the proper remedy is for a party to apply to the court for an order compelling or staying the arbitration pursuant to section 682.03, Florida Statutes (1999)."  Id.  The court stated that "[t]he only proper parties to a lawsuit under section 682.03 to determine the propriety of arbitration are the parties to the arbitration agreement, not the potential arbitrators."  Id.  Thus, the court concluded that "[t]he law does not require potential arbitrators to expend the time and money to participate in a lawsuit where the parties are fighting over the arbitrability of a dispute."  Id.

In accordance with the Hospitality decision, under Florida law a cause of action for injunctive relief does not appear to exist against individual arbitrators (or AAA) when the parties are challenging the arbitrability of the dispute itself.  See id.  However, the Florida District Court of Appeal did not address the more general question that confronts this Court today–that is, whether arbitrators enjoy strict immunity from any suit for injunctive relief as a matter of law.  Nor does any section of the Florida Arbitration Code, Fla. Stat. § 682.01 et. seq., a provision of which was relied upon by the court in Hospitality, provide further guidance on the matter.  The claim before the Court arguably could be distinguishable from that in Hospitality as Plaintiff here is not contesting the arbitrability of the dispute, but rather alleging direct impropriety on the part of the arbitrators.[5]  However, even if this Court were

---

[5] See generally Int'l Med. Group, Inc. v. American Arbitration Ass'n, 149 F.Supp.2d 615, 628-629 (S.D. Ind. 2001) (distinguishing between cases in which arbitral body is not a necessary party to the action, such as in Hospitality, and cases in which a direct cause of action for liability distinct

to interpret <u>Hospitality</u> more broadly to cover Plaintiff's claims here against the non-diverse arbitrators, the Court is not persuaded that the matter is settled in Florida.  The <u>Hospitality</u> decision is a single opinion rendered by an intermediate Florida appellate court, the reasoning of which has not been either subsequently adopted by any other district court in Florida, or addressed by the Florida Supreme Court.  Accordingly, the Court cannot conclude that there is <u>no</u> <u>possibility</u> that a Florida court would permit a cause of action for injunctive relief against the arbitrators as a matter of law.[6]  While the Court expresses great skepticism of the ultimate viability of Plaintiff's claim, "plaintiff need not have a winning case against the allegedly fraudulent defendant; [s]he need only have a <u>possibility</u> of stating a valid cause of action in order for the joinder to be legitimate."  <u>Triggs</u>, 154 F.3d at 1287 (emphasis in original).  Because any ambiguity or uncertainty in state substantive law must be resolved in favor of the Plaintiff, the Court concludes that it cannot find fraudulent joinder of the non-diverse arbitrators on the basis of arbitral immunity alone.

Notwithstanding the Court's inability to find fraudulent joinder on the sole basis of arbitral immunity, the undersigned nonetheless concludes that the Amended Complaint fails to state a cause of action for injunctive relief as a matter of Florida law.  "To state a cause of action for injunctive relief in Florida, a plaintiff must allege ultimate facts which, if true,

————————————————

from that of the parties is asserted against an arbitral body).

[6]  In reaching this conclusion, the Court is mindful of the the indecision on this issue in this Circuit and across the United States in general.  Indeed, the Court's review of the law on this subject reveals some support for Plaintiff's argument that the question of whether arbitral immunity extends to all suits seeking only injunctive relief is simply unsettled.  <u>See generally</u> Michael D. Moberly, <u>Immunizing Arbitrators From Claims For Equitable Relief</u>, 5 PEPP. DISP. RESOL. L.J. 325 (2005) (collecting cases) (noting that "there is surprising little case law discussing the subject, and the courts that have considered it are not in agreement").

would establish (1) irreparable injury [], (2) a clear legal right, (3) lack of an adaquate remedy at law and (4) that the requested injunction would not be contrary to the interest of the public generally." Weekley v. Pace Assembly Ministries, Inc., 671 So. 2d 220, 220 (Fla. Dist. Ct. App. 1996); see also Provident Mgmt Corp. v. City of Treasure Island, 796 So. 2d 481, 485 n. 9 (Fla. 2001); Millennium Commc'n. & Fulfillment, Inc. v. State, 761 So. 2d 1256, 1260 (Fla. Dist. Ct. App. 2000).  Here, even if a cause of action for injunctive relief against the arbitrators is viable in the abstract,[7] Plaintiff cannot demonstrate, under the facts set forth in the Amended Complaint, that she will suffer irreparable injury if the arbitrators are not enjoined.

"It is a truism of equity that an injunction is an extraordinary remedy which will issue only to prevent irreparable injury—that is, injury for which there is no adequate remedy at law." City of Coral Springs v. Florida Nat'l Props., Inc., 340 So. 2d 1271, 1272 (Fla. Dist. Ct.

---

[7]  The Court notes that Plaintiff does not allege a cause of action against the arbitrators independent of Count II, which requests injunctive relief.  See Amended Complaint.  Rather, Plaintiff alleges as part of the facts supporting her plea for a temporary injunction that Architetto's misconduct "was flagrant and amounted to a clear violation of [Plaintiff's] rights to obtain a fair and impartial Arbitration Panel."  Amended Complaint, at ¶ 49.  Under Eleventh Circuit precedent this "count" for injunctive relief would not be viable in the abstract.  See Alabama v. United States Army Corp. of Eng'r., 424 F.3d 1117, 1127-28 (11th Cir. 2005).  In Alabama, the Eleventh Circuit Court of Appeals stated that "any motion or suit for either a preliminary or permanent injunction must be based upon a cause of action, such as a constitutional violation, a trespass, or a nuisance."  Id. at 1127. (emphasis supplied).  According to the Eleventh Circuit, "[a]n injunction is a 'remedy potentially available only after a plaintiff can make a showing that some independent legal right is being infringed–if the plaintiff's rights have not been violated, he is not entitled to any relief, injunctive or otherwise." Id.

As noted above, in Florida a Plaintiff must make a showing of a "clear legal right" to an injunction.  However, the Court has been unable to find (nor have the parties produced) Florida case law which articulates similarly to the Eleventh Circuit that the "clear legal right" must be set forth in a cause of action independent of any claim for the injunction.  Although the Court questions whether a Florida court would recognize a cause of action for injunctive relief pled in this manner–i.e. without an independent claim–it does not reach this issue as it finds that, even assuming Plaintiff's claim is viable in the abstract, Plaintiff has not sufficiently alleged irreparable harm.

App. 1976); <u>see</u> <u>also</u> <u>State ex rel Outrigger Club, Inc. v. Barkdull</u>, 277 So. 2d 15, 17 (Fla. 1973) (acknowledging that injunction is an extraordinary remedy).  "By its very nature an injunction will lie only to restrain the commission of a future injury, since it is impossible to prevent what has already occurred."  <u>City of Coral Springs</u>, 340 So. 2d at 1272; <u>see</u> <u>also</u> <u>Estate of Yerex v. Durzo</u>, 651 So. 2d 220, 222 (Fla. Dist. Ct. App. 1995) (same).  Moreover, "[t]o be the subject of an injunction, a prospective injury must be more than a remote possibility; it must be so imminent and probable as reasonably to demand preventative action by the court."  <u>City of Coral Springs</u>, 340 So. 2d. at 1272.  It is well-settled in Florida that "[w]hen a party seeks the aid of a court of equity by injunction, he must not only show clear legal or equitable right, but also a well-grounded apprehension of immediate injury to his rights."  <u>Crawford v. Bradford</u>, 2 So. 782, 785 (Fla. 1887); <u>see</u> <u>also</u> <u>Rolling v. State</u>, 630 So. 2d 635, 637 (Fla. Dist. Ct. App. 1994) (citing <u>Oxford Int'l Bank & Trust, Ltd., v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 374 So. 2d 54, 56 (Fla. Dist. Ct. App. 1979), <u>cert. dismissed</u> <u>mem.</u>, 383 So. 2d 1199 (Fla. 1980)) ("There is no legal right to an injunction when the right to recover is contingent upon some future event like the outcome of a separate lawsuit."); <u>Sandstrom v. Garren</u>, 187 So. 2d 366, 367 (Fla. Dist. Ct. App. 1966) ("If the injury complained of is doubtful, eventual or contingent, injunctive relief will not be afforded.").

A review of the request for injunctive relief in this case reveals that Plaintiff's allegations against the arbitrators pertain only to the past conduct that resulted in the unfavorable Underlying Award Plaintiff now seeks to set aside.  As noted above, injunctive relief is wholly inappropriate as a means to remedy what has already occurred.  Moreover, the Court fails to see the ground for invoking the aid of the court against the arbitrators as

to a hypothetical future event.  In the Amended Complaint, Plaintiff alleges that "[t]o the extent Architetto, Fuller, or Turner serve on Mrs. Tucker's future Panel, they will be acting in clear violation of Mrs. Tucker's legal rights and will be causing irreparable harm." Amended Complaint at ¶ 50 (emphasis added).  Plaintiff's bare allegation that the arbitrators may "serve on [Plaintiff's] future Panel" is too improbable to demand preventative action by the Court.  Indeed, any need for the injunctive relief Plaintiff requests would be contingent upon not only her success on Count I of the Amended Complaint against Smith Barney, but also upon Plaintiff being presented with the same set of arbitrators in any new panel assembled at some indeterminate time in the future–a possibility that is remote at best. These allegations fall far short of demonstrating that Plaintiff has a "well-grounded apprehension of immediate injury to [her] rights," as required by Florida law.  Crawford, 2 So. at 785.  Instead, she seeks injunctive relief to restrain actions which are entirely contingent upon the outcome of her pending suit against a different party.  Such a claim cannot form the basis for injunctive relief.  See Rolling, 630 So. 2d at 637; Sandstrom, 187 So. 2d at 367-68.  As Plaintiff cannot demonstrate an imminent and irreparable harm under the facts pled in the Amended Complaint, she has failed to state a claim for injunctive relief against the individual arbitrators as a matter of law.

## III.    Conclusion

In light of the above, the Court finds that there is no possibility that Plaintiff can maintain her cause of action for injunctive relief against the non-diverse arbitrators in Florida state court under the circumstances alleged in the Amended Complaint.  Thus, the Court

concludes that the non-diverse arbitrators have been fraudulently joined and are due to be dismissed from this case.  Plaintiff's Motion to Remand will be denied.

Accordingly, it is now **ORDERED**,

1.      Plaintiff's Motion to Remand (Dkt. No. 28) is **DENIED**.

2.      Non-diverse Defendants Architetto, Fuller, and Turner are dismissed from this case with prejudice.  The Clerk is directed to close the file as to Defendants Architetto, Fuller, and Turner, and to correct the case style.

3.      Defendant Architetto's Motion to Dismiss Amended Complaint and Memorandum of Law in Support of Dismissal (Dkt. No. 40) is **DENIED** as moot.

4.      Defendants Fuller and Turner's joint Motion to Dismiss Amended Complaint (Dkt. 52) is **DENIED** as moot.

**DONE AND ORDERED** in Chambers on July <u>17th</u>, 2007.


**MARCIA MORALES HOWARD**
United States District Judge


lc4

Copies to:

Counsel of Record